**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-00331-REB

CHIPOTLE MEXICAN GRILL, INC., a Delaware corporation,

    Plaintiff,

vs.

MAXIM INTEGRATED PRODUCTS, INC., a Delaware corporation,

    Defendant.

## ORDER FOR BRIEFING ON *MARKMAN* ISSUES

**Blackburn, J.**

    This matter is before the court *sua sponte.* In this action implicating patent infringement,[1] the court recognizes the need first to construe the claims of the patents at suit before the case properly can proceed to resolution by summary judgment, trial, or otherwise. Therefore, I establish the following briefing schedule to govern resolution of these matters.

    **IT IS ORDERED** as follows:

    1. That no later than ninety days after the first answer or other response, e.g., motion to dismiss, etc., to the complaint is filed with the court by the defendant in this case, the parties **SHALL FILE** a joint claim construction statement setting forth the construction of claims and terms on which the parties agree and the construction of claims and terms on which the parties disagree for the patents at issue;

---

[1] The plaintiff seeks declaratory judgment that the plaintiff has not infringed the patents at suit. Complaint [#1] at 7.

2. That absent further order of the court, the joint claim construction statement **SHALL BE LIMITED** to fifteen (15) pages;

3. That the plaintiffs' brief on claim construction **SHALL BE FILED** 30 days after the joint claim construction statement is filed;

4. That the deadlines for filing a response brief and a reply brief, if any, **SHALL BE AS PRESCRIBED** by D.C.COLO.LCivR 7.1C.;

5. That absent further order of the court, the plaintiff's brief on claim construction and the defendant's response brief **SHALL BE LIMITED** to twenty (20) pages;

6. That within ten (10) days after the reply brief is filed, the parties **SHALL CONVENE** a telephonic motions' hearing setting conference with the court's administrative assistant (303-335-2350) to set a time for a possible *Markman*[2] hearing; provided, furthermore, that plaintiff is responsible for initiating the call, which must include representatives of all the parties with authority to schedule matters in this case; and

7. That based on the submissions of the parties, the court will either rule on the papers, order further briefing, convene a *Markman* hearing, appoint a special master, or take such further action as the court in its discretion deems proper and necessary.

Dated February 9, 2012, at Denver, Colorado.

                                                **BY THE COURT:**

                                                /s/ Robert E. Blackburn
                                                Robert E. Blackburn
                                                United States District Judge

---

[2] A reference to the seminal case of ***Markman v. Westview Instruments, Inc.***, 517 U.S. 370, 384-88 (1996).