**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-00331-REB

CHIPOTLE MEXICAN GRILL, INC., a Delaware corporation,

    Plaintiff,

v.

MAXIM INTEGRATED PRODUCTS, INC., a Delaware corporation,

    Defendant.

## ORDER

**Blackburn, J.**

The matter is before me on **Plaintiff Chipolte Mexican Grill, Inc.'s Unopposed Motion To Stay Pending Resolution of MDL Motion For Transfer and Consolidation Pursuant to 28 U.S.C. § 1407, or in The Alternative To Vacate and Reset Briefing on Markman Issues** [#16][1] filed May 15, 2012. After reviewing the motion and the file, I conclude that the motion should be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff Chipolte Mexican Grill, Inc.'s Unopposed Motion To Stay Pending Resolution of MDL Motion For Transfer and Consolidation Pursuant to 28 U.S.C. § 1407, or in The Alternative To Vacate and Reset Briefing on Markman Issues** [#16] filed May 15, 2012, is **GRANTED**;

---

[1] "[#16]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

2.  That this case is **STAYED**, pending a decision on Maxim Integrated Products, Inc.'s Motion For Transfer and Consolidation Pursuant to 28 U.S.C. § 1407 in MDL Action No. 2354 (*In re Maxim Integrated Products, Inc.*, MDL No. 2354 (MDL Feb. 23, 2012));

3.  That the briefing schedule prescribed in the court's **Order For Briefing on Markman Issues** [#6] entered February 9, 2012, is **VACATED**; and

4.  That in the event that Maxim's MDL motion is denied, the parties shall promptly file a joint status report advising the court of the denial and the resultant status of this case.

Dated May 16, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge